

# IN THE
# TENTH COURT OF APPEALS

———————————

## No. 10-09-00233-CR
## No. 10-09-00248-CR

**ROBERT LEON JENKINS, JR.,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

———————————

### From the 361st District Court
### Brazos County, Texas
### Trial Court Nos. 08-03830-CRM-361 and 08-03663-CRF-361

———————————

## MEMORANDUM OPINION

———————————

Robert Leon Jenkins pled guilty, without the benefit of a plea bargain, to the felony offenses of fraudulent use or possession of identifying information and forgery of a financial instrument and the misdemeanor offense of failure to identify. TEX. PENAL CODE ANN. §§ 32.51, 32.21(d), 38.02 (West Pamp. 2010). He was sentenced to 23 months in a State Jail facility in each of the felony offenses, and 180 days in jail in the misdemeanor offense. We affirm.

Jenkins's appellate attorney filed an *Anders* brief in both appeals. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Jenkins was informed of

his right to submit a brief on his own behalf. Although Jenkins did not file a brief, the State did file a response to counsel's *Anders* brief.

Counsel's brief suggests as potential issues (1) voluntariness of the plea, (2) incorrect order of the hearing, (3) excessive punishment, and (4) failure to make docket entries. Counsel reviews the potential issues and concludes that the appeal is frivolous. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, … decide whether the case is wholly frivolous." *See Anders*, 386 U.S. at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id*. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Should Jenkins wish to seek further review of this case by the Texas Court of Criminal Appeals, Jenkins must either retain an attorney to file a petition for

discretionary review or Jenkins must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's request that he be allowed to withdraw from representation of Jenkins is granted. Additionally, counsel must send Jenkins a copy of our decision, notify Jenkins of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed February 2, 2011
Do not publish
[CR25]